UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSE BAIERS,                                                              Docket No.

                              Plaintiff,

      -against-                                                                       **COMPLAINT**

                                                                    **JURY TRIAL DEMANDED**

THE BARSTOW ROAD OWNERS &
RICHLAND MANAGEMENT COMPANY, INC.,

                              Defendants.

------------------------------------------------------------X

       Plaintiff, JOSE BAIERS, (herein referred to as "Plaintiff"), by his attorneys, the Law Offices of Jason Abelove, P.C. alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, JOSE BAIERS ("Plaintiff" or "Baiers"), through undersigned counsel, bring this action against THE BARSTOW ROAD OWNERS & RICHLAND MANAGEMENT COMPANY, INC, (hereinafter referred to as "Defendants"), to recover damages for violations of state and federal wage and hour laws arising out of Plaintiff's employment at Defendant's building.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in the amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because at least one defendant resides in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

7. Plaintiff was employed by Defendants from in or around August, 2012 until on or around June 19, 2018.

8. Upon information and belief, Defendant, The Barstow Road Owners, is an unincorporated association or entity with the principal place of business at 10 Welwyn Road, Great Neck, New York.

9. Upon information and belief, Defendant, Richland Management Co., Inc. is a domestic corporation authorized to do business under the laws of New York, with a principle place of business in the County of Nassau, State of New York.

10. During all relevant times herein, Defendants were Plaintiff's "employers" within the meaning of the FLSA and NYLL.

11. Upon information and belief, Defendants are, at present and have been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce

within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendants from August, 2012 through June 19, 2018. He was employed as a Superintendent of a building.

13. Defendants had no formal mechanism for tracking time of its employees.

14. Plaintiff was individually or jointly employed as a manual worker, providing custodial and superintendent type services.

15. During the course of Plaintiff's employment, he regularly worked eight hours per day Monday-Friday and three hours per day Saturday and Sunday for a total of 46 hours per week.

16. In addition, he responded to calls on his off hours.

17. Over the last 18 months of his employment, he took over 150 after hours calls.

18. Defendant kept no track of these after hour calls.

19. Prior to May, 2017, Defendant regularly paid overtime.

20. Following May, 2017, Defendant stopped paying overtime, despite the fact that Plaintiff's hours did not change.

21. Plaintiff was uncompensated for 464.4 hours (6 hours per week x 4.3 weeks/mo x 18 months) of scheduled work that he should have received the overtime rate of $30.77 per hour.

22. In addition, he was uncompensated for at least 225 hours (150 x. 1.5 hours) of emergency call in time that he also should have been paid at the overtime rate of $30.77 per hour.

23. In sum, Plaintiff remains uncompensated for a minimum of $21,212.84 (689.4 hours x $30.77/hr) for his overtime hours.

24. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage and time records Defendants are required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendant were required to keep pursuant to 29 USC §211, 29 CFR §516, NYLL §195, 12 NYCRR §142.2-6 are incorporated herein by reference.

25. Defendants failure to pay overtime was "willful".

26. Plaintiff was not paid on a weekly basis in violation of NYLL §191 (1)(a)(I).

27. Plaintiff was not provided with the notice(s) required by NYLL §195(1) by Defendants.

28. Plaintiff was not provided with the statement(s) required by NYLL §195(3).

29. Upon information and belief, Defendants failed to display federal and state minimum wage/overtime posters.

30. Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

31. Plaintiff made regular complaints over the final months of his employment regarding the violations of law by not receiving overtime.

32. Plaintiff was fired for his complaints.

33. Defendants did not pay Plaintiff time and a half (1.5) for all hours worked over forty (40) hours per week, a violation of the overtime provisions of the FLSA and NYLL.

34. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION

### Overtime Wages Under the Fair Labor Standards Act

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

37. At all times relevant to this action Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

38. At all times relevant to this action Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

39. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of and 207(a)(1).

40. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

41. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

44. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

45. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### NEW YORK LABOR LAW §§ 190, 191, 193, 195 AND 198

46. Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

47. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§190 et seq., including §§191, 193, 195 and 198 and the applicable regulations thereunder.

48. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, as a manual worker, laborer or workingman, within the meaning of the New York Labor Law §190 et seq. including §191.

49. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker within the meaning of NYLL 191 (1)(a)(i) who should have been paid all non-overtime and overtime wages no later than weekly.

50. Defendants, individually and/or jointly, violated and willfully violated NYLL §190 et seq., including §§191, 193 and 198, by failing to pay Plaintiff all the unpaid non-overtime wages, and overtime wages, and unlawful wage deductions, Plaintiff was entitled to within the time required by NYLL §§191, 193 and 198.

51. At all times relevant herein, Defendants, individually and/or jointly failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL §195(1) - Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL §198 including NYLL §198(1-b), as well as an injunction directing Defendants to comply with NYLL §195(1).

52. At all times relevant herein Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL §195(3) - Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this

violation, plus attorneys' fees and costs pursuant to NYLL §198 including §198(1-d), as well as an injunction directing Defendants to comply with NYLL §195(1).

53. Due to Defendants' New York Labor Law Article 6 violations including violation of §§191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime/minimum wages, overtime wages, unlawful wage deductions, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL §§195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to New York Labor Law §190 et seq. including §198.

## FOURTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§650 et seq.; 12 N.Y.C.R.R. §142-2.4.

56. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and cost of the action, pursuant to N.Y. Labor Law §663(1).

## FIFTH CAUSE OF ACTION

### Unpaid Wages Under the Fair Labor Standards Act

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants willfully failed to pay Plaintiff wages for hours worked in violation of 29 U.S.C. §206(a).

59. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

60. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION

### Unpaid Wages Under the New York Labor Law

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

63. Defendants failed to pay Plaintiff's wage and hours worked in violation of New York Labor Law Article 6.

64. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an amount equal to his unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest according with NY Labor Law §198(1-a).

## SEVENTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

## EIGHTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

## NINTH CAUSE OF ACTION

**Retaliation**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Over the past weeks of his employment, Plaintiff regularly complained to his employers regarding their failure to pay overtime.

71. In retaliation for these complaints, Plaintiff's employment was terminated.

72. As a result of this illegal retaliation, Plaintiff is entitled to back pay, front pay, punitive damages and attorneys' fees in an amount according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff unpaid minimum wages;

d. Awarding Plaintiff unpaid spread of hours compensation;

e. Awarding Plaintiffs unpaid wages;

f. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g. Awarding Plaintiff prejudgment and post-judgment interest;

h. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

i. Awarding such and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Garden City, New York
February 19, 2020

LAW OFFICES OF JASON L. ABELOVE, P.C.

/s
Jason L. Abelove
*Attorney for Plaintiff*
666 Old Country Road, Suite 303
Garden City, New York 11530
516-222-7000